**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Shenzhen Kean Silicone Product Co., Ltd., | ) | |
| | ) | Case No. 26-cv-10237 |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| Hong Kong Yueran Trading Limited, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Shenzhen Kean Silicone Product Co., Ltd. ("Kean" or "Plaintiff"), by and through undersigned counsel, hereby brings the present action against Hong Kong Yueran Trading Limited ("Yueran" or "Defendant") and alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement brought under the provisions of the U.S. Patent Act, 35 U.S.C. §§ 1 *et seq*.

2. Defendant has infringed and continues to infringe Plaintiff's U.S. Design Patent No. D1,082,520 ("the '520 Patent").

3. Plaintiff Shenzhen Kean Silicone Product Co., Ltd. seeks recompense for Defendant's knowing and intentional infringement of the '520 Patent through monetary damages and permanent injunctive relief prohibiting further infringing activity by Defendant.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Yueran because Yueran maintains a fully interactive e-commerce webstore through which it offers to sell and ship its Infringing Products to consumers residing within this District and it has the capability to fulfil such orders. Moreover, on information and belief, Yueran has sold and shipped orders to customers within this District.

## **THE PARTIES AND THE INTELLECTUAL PROPERTY AT ISSUE**

6. Plaintiff Shenzhen Kean Silicone Product Co., Ltd. is a Chinese company having a principal place of business at Units 101-401, Factory Building, No. 52 Xinhe Road, Shangmugu Community, Pinghu Subdistrict, Longgang District, Shenzhen, China.

7. For years, Kean has been in the business of designing, manufacturing, marketing, and selling silicon products, including but not limited to travel bottle products embodying the design claimed in the ’520 Patent (“Plaintiff’s Products”). Plaintiff’s Products have been available for purchase on e-commerce sites such as Amazon.com since as early as 2023.

8. Plaintiff’s travel bottle products are loved by consumers at least because of the unique ornamental design claimed in the ’520 Patent, which enables users to, among other uses, bring along small quantities of fluids such as shampoo when traveling. A representative figure from the ’520 Patent is reproduced below:

| Patent Number | Representative Figure | Issue Date |
|---|---|---|
| U.S. D1,082,520 |  | July 8, 2025 |

9. The ’520 Patent, entitled “Sorting Box,” was duly and legally issued on July 8, 2025. Attached hereto as Exhibit A is a true and correct copy of the ’520 Patent.

10. The ’520 Patent claims priority to Chinese Patent Application No. 202330305470.9, which has a priority date of May 23, 2023. Accordingly, the ’520 Patent is entitled to an earliest priority date of May 23, 2023.

11. Kean is the applicant listed on the ’520 Patent and is the lawful owner of all right, title, and interest in and to the ’520 Patent.

12. The ’520 Patent is valid and enforceable.

13. On information and belief, Defendant Yueran is a limited liability company having a principal place of business at F03, Room 12, 6/F, Hung To Centre, 94 How Ming Street, Kwun Tong, Kowloon, HONG KONG SAR, CHINA

14. On information and belief, Defendant Yueran is the successor entity to Shenzhen Guoqi Dianzi Shangwu Youxian Gong Si ("Guoqi" or "Defendant's predecessor"), a Chinese limited liability company that previously held a principal place of business in Shenzhen, China.

**THE PARTIES' PRIOR DEALINGS**

15. As noted above, Plaintiff has long been in the business of designing, manufacturing, marketing, and selling silicon products.

16. In general terms, Plaintiff's business model involves supplying its silicon products to distributors for subsequent resale.

17. On or about October 10, 2023, Plaintiff and Defendant's predecessor company, Shenzhen Guoqi Dianzi Shangwu Youxian Gong Si ("Defendant's predecessor"), a Chinese limited liability company with a principal place of business in Shenzhen, China, entered into two agreements with respect to Plaintiff's Products: 1) a Business Cooperation Non-Disclosure

Agreement (the "NDA"), and 2) the "Product Exclusive Distribution Agreement" (the "Distribution Agreement") (collectively, "the Agreements").

18. Under the NDA, the parties agreed in relevant part that Defendant's predecessor would not:

a. imitate Plaintiff's Products that Plaintiff manufactures;

b. switch suppliers to manufacture such products;

c. copy the molds that Plaintiff develops or supply them to third parties to produce finished goods;

19. The Distribution Agreement provided, in relevant part, that:

a. Defendant's predecessor would purchase monthly and annual minimum quantities of products;

b. Plaintiff would distribute its products exclusively through Defendant's predecessor;

c. Plaintiff would restrict other customers from listing the covered products within Defendant's predecessor's exclusive channels; and

d. Plaintiff would cooperate in taking down infringing sellers.

20. In the first year this agreement was in place, Defendant's predecessor ordered roughly 10,000 units per month of Plaintiff's Products.

21. From the period of September, 2024, to March of 2025, Defendant's predecessor's order volume fell to just 1,500 units per month.

22. Defendant and Defendant's predecessor's order volume dropped to nearly only about 2 orders per month between April of 2025 and May of 2026, falling to just 11 orders for 22 total units during that time.

## DEFENDANT ABSCONDS

23. Although Defendant and Defendant's predecessor all but ceased purchasing Plaintiff's Products, they did not cease selling travel bottles featuring Plaintiff's patented design.

24. On information and belief, despite agreeing not to imitate or cause others to imitate Plaintiff's Products, Defendant's predecessor copied or caused others to copy the molds or otherwise imitate Plaintiff's Products protected by the '520 Patent. Defendant's predecessor did so despite knowing it had no right to do so.

25. On information and belief, despite agreeing not to switch manufacturers, Defendant's predecessor stopped using Plaintiff to manufacture its products and replaced Plaintiff's Products with those manufactured by a third party without permission to use the '520 Patent. Defendant's predecessor did so despite knowing it had no right to do so.

26. On information and belief, despite agreeing to source exclusively from Plaintiff products protected by the '520 Patent, Defendant's predecessor failed to source exclusively from Plaintiff. Instead, it used a third-party to manufacture travel bottles featuring Plaintiff's patented design without permission from Plaintiff.

27. On information and belief, Defendant's predecessor and Defendant maintained or grew its sales by selling counterfeits procured from a third-party factory using the '520 Patent. In other words, although Defendant's predecessor and Defendant stopped ordering genuine products from Plaintiff, it was able to maintain or increase its sales volume by replacing Plaintiff's Products with those that infringe Plaintiff's '520 Patent.

28. On information and belief, Defendant's predecessor still owned and operated the Amazon storefront selling products featuring the '520 Patent until approximately June 2026, but ownership of the Amazon storefront abruptly changed in June or July of 2026. Plaintiff was not

informed of the change of ownership despite entering into two agreements governing the rights to and obligations to sell Plaintiff's Products featuring the '520 Patent.

**DEFENDANT'S INFRINGING ACTIVITY**

29. Since as early as June or July of 2023, Defendant (and its predecessor) has marketed and sold the Infringing Products through at least its Max.Y storefront on the Amazon.com e-commerce website. One such link to the Amazon.com website is: https://www.amazon.com/Gemice-Containers-Toiletries-Leak-proof-Accessories/dp/B0CC4N5LD6/ref=zg_bs_g_23627245011_d_sccl_11/136-1826035-7650500?th=1

30. As noted above, Defendant's predecessor sold Plaintiff's Products pursuant to the terms of the Agreements.

31. Defendant sells its Infringing Products in various sizes and colors, including under at least the Amazon Standard Identification Numbers (ASINs) B0CC4PNTWG, B0CC4N5LD6, B0GYW4L4F5, B0GYWD8QC6, B0CC4RCYCW, B0GYW99T1D, B0GYWDDC19, B0CQN3XP7T, and B0DHRTCHL5.

32. Each of the products associated with the ASINs listed above is identical in all respects material to the '520 Patent.

33. As shown in the comparison below, Defendant's Infringing Products are identical to the unique design claimed in the '520 Patent in all aspects:



*Figure 7 of the '520 Patent*



*Defendant's Infringing Product*

34. The similarities between Plaintiff's claimed design and the Defendant's Infringing Products are so extensive that an ordinary observer, giving such attention as a purchaser usually gives, would be likely to purchase the Infringing Products supposing them to be the patented design.

35. Defendant's Infringing Products fall squarely within the scope of the claim of the '520 Patent and have no additional features. Accordingly, the design claimed in the '520 Patent is the sole driver of value for Defendant's Infringing Products.

36. Defendant's infringement of the '520 Patent in connection with the offering to sell, selling, and/or importing into the United States of the Infringing Products, including the offering for sale and sale of the Infringing Products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
Infringement of the ’520 Patent
35 U.S.C. § 271

37. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

38. Defendant, without any authorization or license from Plaintiff, has knowingly offered for sale, sold, and/or imported into the United States for subsequent resale or use a product that directly infringes the ’520 Patent.

39. Specifically, Defendant has infringed the sole claim of the ’520 Patent by making, using, offering for sale, selling, and/or importing into the United States the Infringing Products which embody the design claimed in the ’520 Patent in its entirety without authorization from Plaintiff.

40. Defendant will continue in its infringement of the ’520 Patent unless enjoined by this Court. Defendant’s wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention, including but not limited to price erosion and reputational damage. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

41. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the ’520 Patent, including Defendant’s profits pursuant to 35 U.S.C. § 289, or in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

42. Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

43. Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Kean respectfully requests that the Court enter judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the Infringing Products;

C. That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate it for Defendant's infringement of the '520 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, pursuant to 35 U.S.C. § 284;

D. That the amount of damages awarded to Plaintiff under 35 U.S.C. § 284 for infringement of the ’520 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E. In the alternative to Plaintiff’s lost profits or a reasonable royalty under 35 U.S.C. § 284, that Plaintiff be awarded all profits realized by Defendant from Defendant’s infringement of the ’520 Patent pursuant to 35 U.S.C. § 289;

F. That Plaintiff be awarded its interest and costs pursuant to 35 U.S.C. § 284;

G. That Plaintiff be awarded its reasonable attorney’s fees pursuant to 35 U.S.C. § 285 should the Court find that this is an exceptional case; and

H. That this Court award any and all other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: */s/ Justin Poplin*

Justin Poplin, 21598
Wangxue Deng, 30228
AVEK IP, LLC
7285 West 132nd Street, Suite 340
Overland Park, Kansas 66213
Telephone: 913-303-3841
Facsimile: 913-549-4646
jpoplin@avekip.com
wdeng@avekip.com

*Attorneys for Plaintiff*

**VERIFICATION**

I, Yihong Zhou hereby declare and state that:

1. I am the Legal Manager of Shenzhen Kean Silicone Product Co., Ltd. ("Plaintiff"). As such, I am authorized to make this verification on Plaintiff's behalf.
2. Plaintiff is the lawful assignee of all right, title, and interest in and to United States Design Patent No. D1,082,520 ("the '520 Patent"), entitled "Sorting Box." The '520 Patent was duly issued on July 8, 2025.
3. I have read the foregoing Verified Complaint, and based on my personal knowledge and my knowledge of information reported to me by my subordinates and colleagues who report to me, the factual allegations contained in the foregoing complaint are true.
4. I declare under penalty of perjury under the laws of the United States of America that all statements made herein are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment or both under 18 U.S.C. § 1001.

Executed this 17 day of August, 2026

Yihong Zhou

Yihong Zhou